UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

| | |
|---|---|
| CONGRESSWOMAN CORRINE BROWN, <br><br> Plaintiff, <br><br> vs. <br><br> KEN DETZNER, in his official capacity as Secretary of State of the State of Florida, THE FLORIDA SENATE, and THE FLORIDA HOUSE OF REPRESENTATIVES, <br><br> Defendants. | Case No. 4:15-cv-00398-MW/CAS |

**THE LEGISLATIVE PARTIES' RESPONSE TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants, the Florida House of Representatives and the Florida Senate (collectively, the "Legislative Parties"), file this response to Plaintiff's Motion for Preliminary Injunction (D.E. 3) (the "Motion"). For the reasons stated below, the Court should deny the Motion without prejudice.

**STATEMENT OF FACTS**

On July 9, 2015, the Florida Supreme Court invalidated Congressional District 5, as enacted by the Florida Legislature in 2012. *League of Women Voters v. Detzner*, __ So. 3d __, 2015 WL 4130852, at *39 (Fla. July 9, 2015). The court held that Article III, Section 20 of the Florida Constitution requires District 5 to be drawn in a horizontal configuration, rather than in its traditional, vertical configuration. *Id.* The court

relinquished jurisdiction to the circuit court in Leon County for a period of 100 days (until October 17) to review a new remedial plan passed by the Legislature. *Id.* at *3.

In response, the Legislature convened in special session on August 10, but the session concluded on August 21 without the enactment of any plan. The Florida House subsequently moved the Florida Supreme Court for further relinquishment of jurisdiction for a period of 60 days to allow the circuit court to develop a factual record and recommend for adoption a provisional congressional redistricting plan for the State of Florida (**Exhibit A**). The Florida Senate responded to the motion by requesting the Supreme Court to extend its relinquishment of jurisdiction to allow the Legislature to convene in special session to pass a remedial plan, and to provide the circuit court with additional time to permit discovery and recommend approval or disapproval of any remedial plan passed by the Legislature or to consider alternative maps submitted by the parties (**Exhibit B**). Meanwhile, the trial court filed an order requesting further direction from the Supreme Court (**Exhibit C**). As of the date of this response, the Florida Supreme Court has yet to issue an order on the Florida House's motion.

In this case, Plaintiff challenges the horizontal configuration of the anticipated remedial District 5. Plaintiff contends that the configuration mandated by the Florida Supreme Court violates Section 2 of the federal Voting Rights Act, and seeks an order enjoining Defendants "to develop and implement redistricting plans that do not violate Section 2 and 5 of the Voting Rights Act of 1965 and also enjoining and forbidding the use of redistricting plans that violate Section 2 and 5 of the Voting Rights Act of 1965" (mot. at 1).

# ARGUMENT

The Court should deny the Motion without prejudice because it is premature.  At this stage of the litigation, Plaintiff cannot show that she will suffer imminent and irreparable injury absent an injunction, as required.  *See Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000) ("As we have emphasized on many occasions, the asserted irreparable injury must be neither remote nor speculative, but actual and imminent.") (internal quotation marks omitted).  Until the Legislature or a court approves a redistricting plan alleged to impair Plaintiff's rights, her claim relies on speculation about contingent future events, which is not a proper basis for injunctive relief.  *See Scott v. Taylor*, 470 F.3d 1014, 1018 (11th Cir. 2006) ("Another redistricting exercise . . . would not necessarily place Scott back in district 3.  The specific outcome of redistricting is speculative at best.").

When an issue is not ripe for review, a preliminary injunction is improper, as there can be no irreparable injury.  *See Pine v. Bd. of Cnty Comm'rs of Brevard Cnty.*, No. 6:06-cv-1551-ORL-19JGG, 2006 WL 3091528, at *3 n.4 (M.D. Fla. Oct. 30, 2006) ("[T]he ripeness injury conflates with the preliminary injunction injury, for if the plaintiffs' challenge is premature, *a fortiori* there is no irreparable injury.") (citation omitted); *see also Flowers Indus. v. F.T.C.*, 849 F.2d 551, 552 (11th Cir. 1988) ("For the same reasons that [plaintiff] is not in imminent danger of irreparable harm, this case is not ripe for judicial review.")  In *Flowers*, the plaintiffs sought to enjoin an agency from approving the sale of assets.  Noting that ripeness "requires consideration of two factors: (1) fitness of the issues for judicial decision and (2) hardship to the parties of withholding

court consideration," the Eleventh Circuit found that "[i]f the courts withhold consideration of this matter, no hardship will result to either party [w]ithout agency enforcement action." *Id*. at 552.  Rather, the issues "will be fit and 'ripe' when the [agency] takes enforcement actions placing [plaintiff] in danger of losing its [assets.]" *Id*.; *see also Pine*, 2006 WL 3091528, at *4 (denying motion for preliminary injunction where "Plaintiffs' feared injury is not yet 'certain.'"); *Staver v. Am. Bar Ass'n*, 169 F. Supp. 2d 1372, 1377 (M.D. Fla. 2001) (denying preliminary injunction for unripe claims that were based "speculation about contingent future events.")

Here, even though the Florida Supreme Court invalidated District 5, the Legislature has not enacted a remedial District 5, nor has any court imposed a redistricting plan that contains a remedial District 5.  At this time, there is no district to challenge and no district for this Court to review and enjoin.  In the absence of a remedial district, further judicial proceedings are premature.  Plaintiff's claim rests on "speculation about contingent future events" which might affect Plaintiff's rights.  *Staver*, 169 F. Supp. 2d at 1377.  Because the issue is not ripe, injunctive relief is improper.  *Id*.

Defendants do not understand Plaintiff to be seeking a preemptive injunction to prohibit the Legislature from considering and voting on redistricting legislation, nor would such an injunction be warranted.  Instead, the role of courts is to intervene only *after* a legislative enactment has passed.  *See*, *e.g.*, *New Orleans Water Works Co. v. City of New Orleans*, 164 U.S. 471, 481 (1896) ("[A] court of equity cannot properly interfere with, or in advance restrain, the discretion of a [legislative] body while it is in the exercise of powers that are legislative in their character."); *Associated Gen. Contractors*

*of Am. v. City of Columbus*, 172 F.3d 411, 417-418 (6th Cir. 1999) (vacating an order that "enjoined the City from enacting any new set-aside legislation without first obtaining district court approval," finding that "[e]ven under the most expansive reading of the limited circumstances in which the federal courts have been held to have jurisdiction to interfere in the legislative process . . . the district court did not have such power here."); *Crafton v. Alexander*, No. 86–5516, 1986 WL 18432, at *1, 810 F.2d 200 (6th Cir. Nov. 7, 1986) (unpublished) ("Federal courts have no jurisdiction to review the constitutionality of proposed state legislation."); *Fisher Scientific Co. v. City of New York*, 812 F. Supp. 22, 25 n.3 (S.D.N.Y. 1993) ("[P]utative suits regarding inchoate legislation are kept at bay by the requirement of ripeness, which also ensures that the court hearing such suits has the benefit of a precise factual framework.  In addition, the courts' foray into ongoing legislative activity should also be restrained by a healthy respect for separation of powers."); *Leech Lake Citizens Comm. v. Leech Lake Band of Chippewa Indians*, 355 F. Supp. 697, 699 (D. Minn. 1973) ("The Court is without authority to enjoin the Legislature from ratifying the agreement.  The doctrine of Separation of Powers forbids it.  *Marbury v. Madison* [ ] established the federal courts' power to review the constitutionality of state legislation after its passage, not before.")

## CONCLUSION

For the reasons stated above, the Court should deny the Motion without prejudice.

*Brown v. Detzner, et al.*                                                          Case No. 4:15-cv-00398-MW/CAS

                                        Respectfully submitted,

*/s/ Raoul G. Cantero*                  */s/ George N. Meros, Jr.*
Raoul G. Cantero                        George N. Meros, Jr.
Florida Bar No. 552356                  Florida Bar No. 263321
Jason N. Zakia                          Andy Bardos
Florida Bar No. 698121                  Florida Bar No. 822671
Jesse L. Green                          **GrayRobinson, P.A.**
Florida Bar No. 95591                   Post Office Box 11189
**White & Case LLP**                    Tallahassee, Florida  32302
Southeast Financial Center              Telephone: (850) 577-9090
200 S. Biscayne Blvd., Suite 4900       E-mail: George.Meros@gray-robinson.com
Miami, Florida  33131-2352              E-mail: Andy.Bardos@gray-robinson.com
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744              Matthew J. Carson
E-mail: rcantero@whitecase.com          Florida Bar No. 827711
E-mail: jzakia@whitecase.com            **General Counsel, The Florida House of**
E-mail: jgreen@whitecase.com            **Representatives**
                                        422 The Capitol
George T. Levesque                      402 South Monroe Street
Florida Bar No. 555541                  Tallahassee, Florida 32399-1300
**General Counsel, The Florida Senate** Telephone: 850-717-5500
305 Senate Office Building              E-mail:
404 South Monroe Street                 matthew.carson@myfloridahouse.gov
Tallahassee, Florida  32399-1100
Telephone: (850) 487-5237               *Attorneys for Defendant, the Florida House*
E-mail: levesque.george@flsenate.gov    *of Representatives*

*Attorneys for Defendant*, *the Florida Senate*

*Brown v. Detzner, et al.*                                                              Case No. 4:15-cv-00398-MW/CAS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed in the Court's CM/ECF System this 1st day of September, 2015, and thereby served upon all counsel of record.

                                               By: */s/ Raoul G. Cantero*
                                                              Raoul G. Cantero