# EXHIBIT A

# IN THE SUPREME COURT OF FLORIDA

THE LEAGUE OF WOMEN
VOTERS OF FLORIDA, INC., *et al.*,

    Appellants,

v.

KEN DETZNER, in his official
capacity as Florida Secretary of State,
*et al.*,

    Appellees.

_____/

Case No. SC14-1905
L.T. Case No. 2012-CA-000412
L.T. Case No. 2012-CA-000490

## THE FLORIDA HOUSE OF REPRESENTATIVES' MOTION FOR FURTHER RELINQUISHMENT OF JURISDICTION

Appellee, the Florida House of Representatives, respectfully requests that this Court relinquish jurisdiction to the trial court for a period of 60 days from the date of the order on this motion to develop a factual record and recommend for adoption by this Court a provisional congressional redistricting plan for the State of Florida.

1. On July 9, 2015, this Court invalidated eight congressional districts and relinquished jurisdiction to the trial court for a period of 100 days with directions that the trial court (1) require the Legislature to redraw the invalid districts and all other affected districts; (2) hold a hearing at which all parties may present

arguments and evidence for or against the redrawn plan; and (3) enter an order that recommends either approval or disapproval of the redrawn plan. *See* Op. at 7-8.

2. On August 10, 2015, the Legislature convened in special session to amend Florida's congressional districts in a manner consistent with this Court's opinion. The Legislature was unable to agree upon and did not enact a remedial congressional redistricting plan, and adjourned as scheduled on August 21, 2015.

3. Here, the express purpose of this Court's earlier relinquishment of jurisdiction was to authorize the trial court to review a remedial plan enacted by the Legislature and to recommend approval or disapproval of the enacted plan. Because the Legislature did not enact a remedial plan, the trial court cannot fulfill the purpose of this Court's relinquishment, and, without a further relinquishment by this Court, has no authority to undertake any additional remedial proceedings.[1]

---

[1] When an appellate court relinquishes jurisdiction to a trial court, the trial court has no authority to decide matters outside the scope of the express purposes stated in the appellate court's order of relinquishment. Fla. R. App. P. 9.600(b) (providing that an appellate court may permit a lower court to proceed with "specifically stated matters" during an appeal); *Hart v. Wachovia Bank, Nat'l Ass'n*, 159 So. 3d 244, 247 (Fla. 1st DCA 2015) ("When a trial court . . . exceeds the scope of the 'specifically stated matters' authorized by the appellate court . . . , the trial court acts without jurisdiction, and thus, any order is invalid."); *Hernandez v. Hernandez*, 924 So. 2d 853, 855 (Fla. 2d DCA 2006) ("[O]ur relinquishment of jurisdiction was for the express purpose of setting temporary child support . . . . Thus, the trial court acted outside the jurisdiction it had been granted, rendering this later order void . . . ."); *Palma Sola Harbour Condo., Inc. v. Huber*, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979) ("The trial court's order was beyond the scope of 'specifically stated matters' this court authorized for consideration on its relinquishment of jurisdiction and consequently was invalid."); *see also Yampol v.*

4. At this time, the House does not anticipate that the Legislature will enact a remedial plan in advance of the 2016 elections. The House therefore requests that this Court initiate proceedings toward the judicial adoption of a provisional redistricting plan as a precaution to ensure that a valid redistricting plan will be in place before the period for candidate qualifying begins at noon on June 20, 2016. Judicial proceedings to establish a redistricting plan should be conducted without prejudice to the inherent authority of the Legislature at any time during or after those proceedings to reconvene and enact valid redistricting legislation, and any plan adopted by the Court should expressly be an interim or provisional plan that will remain in place only until superseded by subsequent legislation. *See*, *e.g.*, *Reynolds v. Sims*, 377 U.S. 533, 586 (1964) ("[T]he court below acted with proper judicial restraint, after the Alabama Legislature had failed to act effectively in remedying the constitutional deficiencies in the State's legislative apportionment scheme, in ordering its own temporary reapportionment plan into effect, at a time sufficiently early to permit the holding of elections pursuant to that plan without great difficulty, and in prescribing a plan admittedly provisional in purpose so as not to usurp the primary responsibility for reapportionment which rests with the legislature."); *Legislature v. Reinecke*, 492 P.2d 385, 386-87 (Cal. 1972) ("[W]e

---

*Turnberry Isle S. Condo. Ass'n, Inc.*, 137 So. 3d 1124, 1125 (Fla. 3d DCA 2014); *Hoffman v. Crosby*, 908 So. 2d 1111, 1113 (Fla. 1st DCA 2005); *Dep't of Health & Rehab. Servs. v. Davenport*, 609 So. 2d 137, 138 (Fla. 4th DCA 1992); *Palm Beach Cnty. v. Boca Dev. Assocs., Ltd.*, 485 So. 2d 449, 450 (Fla. 4th DCA 1986).

urge the Legislature and the Governor, in the exercise of their shared legislative power to enact laws, to enact reapportionment measures in time for the 1972 elections, and thus to render unnecessary the use of our temporary plans." (citation omitted)). These conditions are essential to ensure that the constitutional authority of the Legislature to consider and adopt legislation is respected and preserved.

5. Under these conditions, and to facilitate the development of a record for this Court's benefit, the House requests that the Court relinquish jurisdiction to the trial court for a period of 60 days from the date of the order on this motion to:

- solicit proposed remedial plans from the parties;
- authorize discovery relative to any proposed remedial plans;
- allow briefing;
- conduct an evidentiary hearing at which the parties may present evidence and argument for or against any proposed remedial plans;
- recommend to this Court the adoption of one of the proposed remedial plans; and
- set forth findings of fact and conclusions of law that support its recommendation.[2]

All remedial proceedings should be expeditious but orderly and consistent with principles of due process. *See Perry v. Del Rio*, 67 S.W.3d 85, 93-95 (Tex. 2001).

---

[2] A 60-day period would not cause substantial delay. As of the date of this motion, 54 days remain of the 100-day period for which the Court initially relinquished jurisdiction on July 9, 2015.

4

**WHEREFORE**, Appellee, the Florida House of Representatives, respectfully requests that this Court relinquish jurisdiction to the trial court for a period of 60 days from the date of the order on this motion to develop a factual record and recommend for adoption by this Court a provisional congressional redistricting plan for the State of Florida.

*/s/ George N. Meros, Jr.*
Charles T. Wells (FBN 086265)
George N. Meros, Jr. (FBN 263321)
Jason L. Unger (FBN 991562)
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302

Matthew Carson (FBN 827711)
General Counsel
THE FLORIDA HOUSE OF
REPRESENTATIVES
422 The Capitol
404 South Monroe Street
Tallahassee, Florida 32399-1300

*Attorneys for the Florida House of Representatives and Speaker Steve Crisafulli*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was furnished by electronic mail this twenty-fourth day of August 2015, to all counsel identified on the attached Service List.

        */s/ George N. Meros, Jr.*
        Charles T. Wells (FBN 086265)
        George N. Meros, Jr. (FBN 263321)
        Jason L. Unger (FBN 991562)
        Andy Bardos (FBN 822671)
        GRAYROBINSON, P.A.
        Post Office Box 11189
        Tallahassee, Florida 32302

        Matthew Carson (FBN 827711)
        General Counsel
        THE FLORIDA HOUSE OF REPRESENTATIVES
        422 The Capitol
        404 South Monroe Street
        Tallahassee, Florida 32399-1300

        *Attorneys for the Florida House of Representatives and Speaker Steve Crisafulli*

**SERVICE LIST**

Mark Herron
Robert Telfer
Messer Caparello & Self P.A.
Post Office Box 1876
Tallahassee Florida 32302-1876
Telephone: 850-222-0720
mherron@lawfla.com
rtelfer@lawfla.com
clowell@lawfla.com
bmorton@lawfla.com
statecourtpleadings@lawfla.com

Ashley Davis
Assistant General Counsel
Florida Department Of State
R.A. Gray Building
500 S. Bronough Street
Tallahassee FL 32399
Telephone: 850 245-6536
ashley.davis@dos.myflorida.com
jandrew.atkinson@dos.myflorida.com
diane.wint@dos.myflorida.com

Abha Khanna
Kevin J. Hamilton
Ryan Spear
Perkins Coie LLP
1201 Third Avenue Ste. 4800
Seattle WA 98101-3099
Telephone: 206 359-8000
akhanna@perkinscoie.com
khamilton@perkinscoie.com
rspear@perkinscoie.com
jstarr@perkinscoie.com

John M. Devaney
Mark Erik Elias
Elisabeth C. Frost
Perkins Coie LLP
700 Thirteenth Street NW Ste. 700
Washington DC 20005
Telephone: 202 654-6200
jdevaney@perkinscoie.com
melias@perkinscoie.com
efrost@perkinscoie.com

Harry O. Thomas
Christopher B. Lunny
Radey Thomas Yon & Clark PA
301 South Bronough Street Ste. Ste. 200
Tallahassee Florida 32301-1722
Telephone: 850 425-6654
hthomas@radeylaw.com
clunny@radeylaw.com

Jessica Ring Amunson
Paul Smith
Michael B. DeSanctis
Kristen Rogers
Jenner & Block LLP
1099 New York Avenue N.W. Ste. 900
Washington DC 20001-4412
Telephone: 202 639-6023
jamunson@jenner.com
psmith@jenner.com
mdesanctis@jenner.com
krogers@jenner.com

Blaine H. Winship
Allen Winsor
Office Of Attorney General
Capitol Pl-01
Tallahassee FL 32399-1050
Telephone: 850 414-3300
blaine.winship@myfloridalegal.com
allen.winsor@myfloridalegal.com

Allison J. Riggs
Anita S. Earls
Southern Coalition For Social Justice
1415 West Highway 54 Ste. 101
Durham NC 27707
Telephone: 919 323-3380
allison@southerncoalition.org
anita@southerncoalition.org

Michael A. Carvin
Louis K. Fisher
Jones Day
51 Louisiana Avenue N.W.
Washington DC 20001
Telephone: 202 879-7643
macarvin@jonesday.com
lkfisher@jonesday.com

Gerald E. Greenberg
Adam M. Schachter
Gelber Schachter & Greenberg P.A.
1441 Brickell Avenue Suite 1420
Miami FL 33131
Telephone: 305 728-0950
ggreenberg@gsgpa.com
aschachter@gsgpa.com
dgonzalez@gsgpa.com

David B. King
Thomas A. Zehnder
Frederick S. Wermuth
Vincent Falcone III
King Blackwell Zehnder & Wermuth P.A.
Post Office Box 1631
Orlando Florida 32802-1631
Telephone 407 422-2472
dking@kbzwlaw.com
tzehnder@kbzwlaw.com
fwermuth@kbzwlaw.com
vfalcone@kbzwlaw.com
aprice@kbzwlaw.com
courtfilings@kbzwlaw.com

Charles G. Burr
Burr & Smith LLP
Grand Central Place
442 West Kennedy Blvd. Ste. 300
Tampa FL 33606
Telephone: 813 253-2010
cburr@burrandsmithlaw.com

Jon L. Mills
Elan Nehleber
Boies Schiller & Flexner LLP
100 SE 2nd Street Ste. 2800
Miami FL 33131-2144
Telephone: 305 539-8400
jmills@bsfllp.com
enehleber@bsfllp.com

David P. Healy
2846-B Remington Green Circle
Tallahassee Florida 32308
Telephone 850 222-5400
dhealy@davidhealylaw.com

Victor L. Goode
Dorcas R. Gilmore
NAACP
4805 Mt. Hope Drive
Baltimore MD 21215-3297
Telephone: 410 580-5790
vgoode@naacpnet.org
dgilmore@naacpnet.org

Ronald Meyer
Lynn Hearn
Meyer Brooks Demma and Blohm P.A.
131 North Gadsden Street
Post Office Box 1547 32302
Tallahassee FL 32301
Telephone: 850 878-5212
rmeyer@meyerbookslaw.com
lhearn@meyerbrookslaw.com

J. Gerald Hebert
191 Somervelle Street #405
Alexandria VA 22304
Telephone: 703 628-4673
hebert@voterlaw.com

Karen C. Dyer
Boies Schiller & Flexner LLP
121 South Orange Avenue Ste. 840
Orlando FL 32801
Telephone: 407 425-7118
kdyer@bsfllp.com

Jerry Wilson
Post Office Box 971
Redan Georgia 30074
Phone 404-431-6262
lawoffice1998@gmail.com

Stephen Hogge
Stephen Hogge Esq. LLC
117 South Gadsden Street
Tallahassee FL 32301
Telephone: 850 459-3029
stephen@stephenhoggeesq.net

John S. Mills
Andrew D. Manko
Courtney R. Brewer
The Mills Firm, P.A.
203 North Gadsden Street, Suite 1A
Tallahassee, Florida 32301
jmills@mills-appeals.com
amanko@mills-appeals.com
cbrewer@mills-appeals.com
service@mills-appeals.com

Daniel C. Brown
Carlton Fields Jorden Burt P.A.
215 S. Monroe Street Suite 500
Post Office Drawer 190
Tallahassee Florida 32302-0190
Telephone 850 224-1585
dbrown@cfjblaw.com
cthompson@cfjblaw.com
talecf@cfdom.net

D. Kent Safriet
Hopping Green & Sams P.A.
Post Office Box 6526
Tallahassee Florida 32314
Telephone 850 222-7500
kents@hgslaw.com

| | |
|---|---|
| Raoul G. Cantero | George Levesque |
| Jason N. Zakia | General Counsel |
| Jesse L. Green | The Florida Senate |
| White & Case LLP | 305 Senate Office Building |
| Southeast Financial Center | 404 South Monroe Street |
| 200 South Biscayne Boulevard | Tallahassee, Florida 32399-1100 |
| Suite 4900 | |
| Miami, Florida 33131-2352 | |

# 595372 v1