# EXHIBIT B

# IN THE SUPREME COURT OF FLORIDA

## CASE NO. SC14-1905

THE LEAGUE OF WOMEN
VOTERS OF FLORIDA, *et al.*,

      Appellants,

                             L.T. Case No. 1D14-3953

vs.

KEN DETZNER, *et al.*,

      Appellees.

_____/

## THE FLORIDA SENATE'S SUPPLEMENTAL RESPONSE TO THE FLORIDA HOUSE OF REPRESENTATIVES' MOTION FOR FURTHER RELINQUISHMENT OF JURISDICTION

Pursuant to this Court's order dated August 26, 2015, Appellee, the Florida Senate, files this supplemental response to the Florida House of Representatives' Motion for Further Relinquishment of Jurisdiction (the "Motion") and states as follows:

1.      On August 26, the trial court issued an Order on Remedial Relinquishment, stating that the Legislative Defendants were "unable to comply" with the trial court's directive to pass a remedial map by August 25, and that "it appears unlikely that a Legislative plan will be provided to me for review, in a timely fashion." The trial court then stated that "[g]iven the specific directions of

the relinquishment order and the limitation of authority implicit therein," it "request[s] further direction from the Court."

2.      It is the Legislature's responsibility to enact a congressional plan; and only when it refuses to do so should a court draw its own plan. *See In re Constitutionality of Senate Joint Resolution 2G, Special Apportionment Sessions 1992*, 601 So. 2d 543, 545 (Fla. 1992) (redrawing the Senate apportionment plan only after the Court was advised that neither the governor nor the presiding officers of the Legislature "intend[ed] to convene the Legislature in an extraordinary apportionment session.")  As stated in its initial response, the Florida Senate remains open to further negotiations with the House, and is ready, willing, and able to reconvene in special session to fulfill the Legislature's obligations to draw new congressional districts.    In fact, on August 27, the Chair of the Senate Reapportionment Committee, Senator Bill Galvano, filed a map (S026C9066) that attempts to reconcile the differences between the map the House passed (H110C9071) and the map the Senate passed (S024C9054).[1]  The Florida Senate believes that sufficient time remains for the trial court to review a plan passed by the Legislature before the trial court's jurisdiction expires on October 17.

---

[1] All proposed congressional plans, whether submitted by staff, a legislator, or the public, are available for viewing on the Florida Senate's redistricting website, http://www.flsenate.gov/Session/Redistricting/Plans?type=Congressional&from=ALL&sortBy=PlanDate&sortOrder=descending.

3.      Plaintiffs' suggestion that the Legislature has "disregard[ed]" this Court's mandate is without basis (pls. res. at 4).  In compliance with the directions of this Court, the Legislature convened in a two-week special session from August 10 to August 21.  Although the House and Senate were not able to agree on a single plan, the trial court's scheduling order (attached to the Senate's initial response as Exhibit A) specifically contemplated that the Legislature may not be able to draw a map by its August 25 deadline: "The Court recognizes that unanticipated contingencies may arise in any legislative process and directs the Legislative Parties, if they have reason to believe that the Remedial Plan will not be enacted by August 25, 2015, to provide prompt notice to the Court."

4.      The Florida Senate believes that, given more time, the Legislature could convene a special session and pass a map within 20 days of this Court's order on the Motion.  Although Plaintiffs criticize the Senate's position as a "'wait-and-see' approach," all of the parties must recognize that courts draw a redistricting map only as the very last resort.  *See In re Constitutionality of Senate Joint Resolution 2G, Special Apportionment Sessions 1992*, 601 So. 2d at 545.

5.      To the extent that the trial court believes that it lacks sufficient time to review a plan passed by the Legislature under the current deadlines, the Florida Senate requests that this Court extend its relinquishment of jurisdiction to allow the Legislature time to reconvene in special session; and allow the trial court time to

recommend approval or disapproval of any remedial plan passed by the Legislature or any alternative plans offered by the parties should the Legislature not enact a remedial plan.

6.      A further relinquishment of jurisdiction for 60 days from the date of a further order would not prejudice any party.  Assuming that the Court issues an order on Monday, August 31, all proceedings could be completed by October 30. Although the Legislature will be in special session at that time (beginning on October 19) to consider a remedial state Senate redistricting plan, all proceedings before the trial court will, in all likelihood, have ended; and all that will be left is for the trial court to issue its order.

7.      Even if the Legislature does not adopt a plan, there is still time for the trial court to consider and recommend a remedial plan without jeopardizing this Court's ability to undertake its own review.  Plaintiffs concede that they do not intend to take extensive discovery: "Based on the competing maps adopted by the House and Senate, Coalition Appellants do not see a need for further discovery to challenge those plans beyond what this Court has already recommended the Legislature to provide" (Coalition Response at 4).  Therefore, the parties can submit their plans to the trial court, the Legislative Parties can take any discovery of Plaintiffs' maps they deem appropriate, and the trial court can conduct a

hearing.  All this can be accomplished soon; indeed, even Plaintiffs suggest that it could be accomplished within the original 100-day window (pls. res. at 8-9).

8.     The Court should reject, however, Plaintiffs' proposal to bypass additional proceedings in the trial court.  This case does not concern a "facial review," but instead "fact-based claims," and therefore the development of a record is essential.  *See League of Women Voters of Fla. v. Detzner*, 40 Fla. L. Weekly S432, *slip op*. at 64 (Fla. July 9, 2015) ("*Apportionment VII*").  Certainly the Florida Senate intends to take discovery to obtain evidence regarding whether Plaintiffs' alternative maps comply with the tier-one standards of Article III, Section 20 of the Florida Constitution.  While in *Apportionment VII*, this Court held that Plaintiffs' maps were "not on trial," *id*. at 75 n.11, any alternative maps Plaintiffs now offer *will be* on trial: the Plaintiffs will be advocating that the Court adopt that map as the official congressional redistricting plan for Florida. Therefore, the failure to consider evidence of Plaintiffs' intent could result in the adoption of a plan drawn in violation of the tier-one standards.

9.     Plaintiffs have extensive knowledge about the origins of the base map, as well as the maps ultimately passed by the House and Senate.  The base map was drawn by Jason Poreda and Jeff Takacs (from the House) and Jay Ferrin (from the Senate).  All three testified at a joint House and Senate committee hearing held on August 11 about how that map was drawn, the reason for its configurations, and

the reasoning behind decisions to go one way or another.  They all attested that they spoke to no senator, House member, political consultant, or member of the public about the maps, and showed no maps to anyone except counsel for the House and Senate – and the Legislature has publicly stated that it would assert no attorney-client privilege regarding conversations between the map drawers and counsel regarding conversations during the drawing of the base map.  Meanwhile, at public committee meetings, senators placed on the record their justification for any changes to the base plan; any proposed changes had to improve upon the metrics of the base plan.  Plaintiffs have access to the Legislature's extensive hearings to discuss both the base map and the maps ultimately passed by the House and Senate.  In addition, any meeting between a Senator and a map drawer to discuss possible changes to the base map were recorded.  All proposed maps have been made public.

10.    In contrast, the Plaintiffs have to date offered no alternative map; much less have they revealed any information about the origins of any such map, and whether such a map – like other maps that had been submitted in the trial court – was drawn with partisan intent.  To the extent Plaintiffs submit any alternative maps for adoption as the congressional redistricting map of the State of Florida, those maps should be subject to the same scrutiny for compliance with Tier 1 and Tier 2 standards as maps drawn by the Legislature.

11.     The Plaintiffs' own timetable demonstrates that the trial court can allow for necessary discovery, hold a hearing, and make a recommendation with plenty of time left for the Court to review (pls. res. at 8-9).

WHEREFORE, the Florida Senate requests that this Court extend its relinquishment of jurisdiction to allow the Legislature to convene in special session to pass a remedial plan, and to provide the trial court with additional time to permit discovery and recommend approval or disapproval of any remedial plan passed by the Legislature or to consider alternative maps submitted by the parties.

Respectfully submitted,

*/s/ Raoul G. Cantero*

| | |
|---|---|
| George T. Levesque | Raoul G. Cantero |
| Florida Bar No. 555541 | Florida Bar No. 552356 |
| **General Counsel, The Florida Senate** | Jason N. Zakia |
| 305 Senate Office Building | Florida Bar No. 698121 |
| 404 South Monroe Street | Jesse L. Green |
| Tallahassee, Florida  32399-1100 | Florida Bar No. 95591 |
| Telephone: (850) 487-5237 | **White & Case LLP** |
| E-mail: levesque.george@flsenate.gov | Southeast Financial Center |
| | 200 S. Biscayne Blvd., Suite 4900 |
| | Miami, Florida  33131-2352 |
| | Telephone: (305) 371-2700 |
| | Facsimile:  (305) 358-5744 |
| | E-mail: rcantero@whitecase.com |
| | E-mail: jzakia@whitecase.com |
| | E-mail: jgreen@whitecase.com |

*Attorneys for Appellees, Florida Senate and President Andy Gardiner*

*League of Women Voters of Florida, et al. v. Detzner, et al.*                      Case No. SC14-1905

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on August 28, 2015, a copy of the foregoing was served by e-mail to all counsel on the attached service list.

By: *<u>/s/ Raoul G. Cantero</u>*
Raoul G. Cantero

*League of Women Voters of Florida, et al. v. Detzner, et al.*                    Case No. SC14-1905

## SERVICE LIST

Abha Khanna
Kevin J. Hamilton
Ryan Spear
**Perkins Coie, LLP**
1201 Third Avenue, Ste. 4800
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Facsimile:   (206) 359-9000
E-mail: AKhanna@perkinscoie.com
E-mail: KHamilton@perkinscoie.com
E-mail: RSpear@perkinscoie.com

John M. Devaney
Mark Erik Elias
Elisabeth C. Frost
**Perkins Coie, LLP**
700 Thirteenth Street, NW, Ste. 700
Washington, DC  20005
Telephone:  (202) 654-6200
Facsimile:   (202) 654-6211
E-mail: JDevaney@perkinscoie.com
E-mail: MElias@perkinscoie.com
E-mail: efrost@perkinscoie.com

Mark Herron
Robert Telfer
**Messer Caparello & Self, P.A.**
Post Office Box 1876
Tallahassee, FL  32302-1876
Telephone:  850-222-0720
E-mail: mherron@lawfla.com
E-mail: rtelfer@lawfla.com
secondary: clowell@lawfla.com
secondary:
statecourtpleadings@lawfla.com

*Counsel for Appellants, Rene Romo, Benjamin Weaver, William Everett*
*Warinner, Jessica Barrett, June Keener, Richard Quinn Boylan and Bonita Agan*

John S. Mills
Andrew D. Manko
Courtney Brewer
**The Mills Firm PA**
203 North Gadsden Street, Suite 1A
Tallahassee, FL 32301
Telephone: (850) 765-0897
Facsimile:  (850) 270-2474
E-mail: jmills@mills-appeals.com
E-mail: amanko@mills-appeals.com
E-mail: cbrewer@mills-appeals.com
secondary: service@mills-appeals.com

Ronald Meyer
Lynn Hearn
**Meyer Brooks Demma and Blohm PA**
131 North Gadsden Street
Tallahassee, FL  32301
Telephone:  (850) 878-5212
Facsimile:   (850) 656-6750
E-mail: rmeyer@meyerbrookslaw.com
E-mail: Lhearn@meyerbrookslaw.com

**J. Gerald Hebert**
191 Somervelle Street, #405
Alexandria, VA  22304
Telephone:  (703) 628-4673
E-mail: Hebert@voterlaw.com

David B. King
Thomas A. Zehnder
Frederick S. Wermuth
Vincent Falcone III
**King Blackwell Zehnder Wermuth**
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
E-mail: dking@kbzwlaw.com
E-mail: tzehnder@kbzwlaw.com
E-mail: fwermuth@kbzwlaw.com
E-mail: vfalcone@kbzwlaw.com

Gerald E. Greenberg
Adam M. Schachter
**Gelber Schachter & Greenberg PA**
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
Telephone:  (305) 728-0950
Facsimile:   (305) 728-0951
E-mail: ggreenberg@gsgpa.com
E-mail: aschachter@gsgpa.com

Jessica Ring Amunson
Paul Smith
Michael B. DeSanctis
**Jenner & Block LLP**
1099 New York Ave, N.W., Ste. 900
Washington, DC  20001-4412
Telephone:  (202) 639-6023
Facsimile:   (202) 661-4993
E-mail: JAmunson@jenner.com
E-mail: psmith@jenner.com
E-mail: mdesanctis@jenner.com

*Counsel for Appellants, The League of Women Voters of Florida, The National Council of La Raza, Common Cause Florida; Robert Allen Schaeffer, Brenda Ann Holt, Roland Sanchez-Medina, Jr., and John Steele Olmstead*

J. Andrew Atkinson
**Florida Department Of State**
R.A. Gray Building
500 S. Bronough Street
Tallahassee, FL  32399
Telephone:  (850) 245-6536
E-mail:
JAndrew.Atkinson@dos.myflorida.com

*Attorneys for Appellee, Ken Detzner,*
*in his Official Capacity as Florida*
*Secretary of State*

Blaine H. Winship
**Office Of Attorney General**
Capitol, Pl-01
Tallahassee, FL  32399-1050
Telephone:  (850) 414-3300
Facsimile:   (850) 401-1630
E-Mail:
Blaine.winship@myfloridalegal.com

*Counsel for Appellee, Pam Bondi, in her*
*capacity as Florida Attorney General*

Michael A. Carvin
Louis K. Fisher
**Jones Day**
51 Louisiana Avenue, N.W.
Washington, DC  20001
Telephone:  (202) 879-7643
Facsimile:   (202) 626-1700
E-mail: macarvin@jonesday.com
E-mail: lkfisher@jonesday.com

*Attorneys for Appellees, the Florida*
*Senate and President Andy Gardiner*

Victor L. Goode
Dorcas R. Gilmore
**NAACP**
4805 Mt. Hope Drive
Baltimore, MD  21215-3297
Telephone:  (410) 580-5790
Facsimile:   (410) 358-9350
E-mail: vgoode@naacpnet.org
E-mail: dgilmore@naacpnet.org

Allison J. Riggs
Anita S. Earls
**Southern Coalition For Social Justice**
1415 West Highway 54, Ste. 101
Durham, NC  27707
Telephone:  (919) 323-3380
Facsimile:   (919) 323-3942
E-mail: allison@southerncoalition.org
E-mail: anita@southerncoalition.org

Benjamin James Stevenson
**American Civil Liberties Union
of Florida Foundation**
Post Office Box 12723
Pensacola, FL 32591-2723
Telephone:  (786) 363-2738
Facsimile:  (786) 363-1985
E-mail:  bstevenson@aclufl.org

*Counsel for Appellee, the Florida State Conference of NAACP Branches*

Charles T. Wells
George N. Meros, Jr.
Jason L. Unger
Andy Bardos
**GrayRobinson, P.A.**
Post Office Box 11189
Tallahassee, Florida  32302
Telephone: (850) 577-9090
E-mail: Charles.Wells@gray-robinson.com
E-mail: George.Meros@gray-robinson.com
E-mail: Jason.Unger@gray-robinson.com
E-mail: Andy.Bardos@gray-robinson.com

Matthew J. Carson
**General Counsel, The Florida
House of Representatives**
422 The Capitol
402 South Monroe Street
Tallahassee, Florida 32399-1300
Telephone: 850-717-5500
E-mail: matthew.carson@
myfloridahouse.gov

*Attorneys for Appellees, the Florida House of Representatives and Speaker Steve
Crisafulli*