UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

| | |
|---|---|
| CONGRESSWOMAN CORRINE BROWN, <br><br> Plaintiff, <br><br> vs. <br><br> KEN DETZNER, in his official capacity as Secretary of State of the State of Florida, THE FLORIDA SENATE, and THE FLORIDA HOUSE OF REPRESENTATIVES, <br><br> Defendants. | Case No. 4:15-cv-00398-MW/CAS |

**THE LEGISLATIVE PARTIES' MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS
AND INCORPORATED MEMORANDUM OF LAW**

Defendants, the Florida House of Representatives and the Florida Senate (collectively, the "Legislative Parties") respectfully move to dismiss Plaintiffs' Complaint without prejudice, or, in the alternative, to stay these proceedings.

Plaintiff's Complaint (D.E. 1) alleges that the Legislative Parties have violated Section 2 of the Voting Rights Act, the Fourteenth and Fifteenth Amendments of the United States Constitution, and 42 U.S.C. § 1983 (Compl. at 11-12). Plaintiff bases her claims on her allegation that the Florida Supreme Court has ordered the Legislative Parties to draw Congressional District 5 "in a manner that would undo its historic configuration and disperse the community contained within it" (Compl. at 2). But even though the Florida Supreme Court invalidated District 5 and ordered it to be redrawn, the

Legislature has not enacted a remedial District 5, nor has any court imposed a redistricting plan that contains a remedial District 5.  At this time, there is no district to challenge and no district for this Court to review and enjoin.  In the absence of a remedial district, Plaintiffs' claims are not ripe for determination and subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  In the alternative, this Court should stay this action until the Legislature or a court approves a remedial plan, and require Plaintiff to submit an amended complaint within two weeks of the date that a plan is approved.

## STATEMENT OF FACTS[1]

On July 9, 2015, the Florida Supreme Court invalidated Congressional District 5, as enacted by the Florida Legislature in 2012.  *League of Women Voters v. Detzner*, __ So. 3d __, 2015 WL 4130852, at *39 (Fla. July 9, 2015).  The court held that Article III, Section 20 of the Florida Constitution requires District 5 to be drawn in a horizontal configuration, rather than in its traditional, vertical configuration.  *Id*.  The court relinquished jurisdiction to the circuit court in Leon County for a period of 100 days (until October 17) to review a new remedial plan passed by the Legislature.  *Id*.  at *3.

In response, the Legislature convened in special session on August 10, but the session concluded on August 21 without the enactment of any plan.  The Florida House subsequently moved the Florida Supreme Court for further relinquishment of jurisdiction for a period of 60 days to allow the circuit court to develop a factual record and

---

[1] "[I]n ruling on a 12(b)(1) factual challenge to subject matter jurisdiction, the Court is free to consider extrinsic evidence outside the Complaint to determine its power to hear the case."  *In re Waterfront License Corp.*, 231 F.R.D. 693, 697 (S.D. Fla. 2005).

recommend for adoption a provisional congressional redistricting plan for the State of Florida (**Exhibit A**). Meanwhile, the trial court filed an order requesting further direction from the Supreme Court (**Exhibit B**).

On September 4, the Florida Supreme Court issued its order on the Florida House's motion (**Exhibit C**). The Court granted the motion "to the extent it seeks relinquishment proceedings in the trial court as a result of the Legislature's failure to enact a remedial congressional redistricting plan." *Id*. at 2. The Supreme Court instructed the trial court to "hold a hearing in which it shall consider proposed remedial plans from the parties . . . . especially focusing on the map passed during the special session by the House, and any amendments offered thereto; the map passed during the special session by the Senate, and any amendments offered thereto; and the areas of agreement between the legislative chambers." *Id*. The Supreme Court denied, however "an expansion of the current 100-day relinquishment period, which will terminate no later than October 17, 2015." *Id*. at 3.

In this case, Plaintiff challenges the horizontal configuration of the anticipated remedial District 5. Plaintiff contends that the configuration mandated by the Florida Supreme Court violates Section 2 of the federal Voting Rights Act, and seeks an order enjoining Defendants "to develop and implement redistricting plans that do not violate Section 2 and 5 of the Voting Rights Act of 1965 and also enjoining and forbidding the use of redistricting plans that violate Section 2 and 5 of the Voting Rights Act of 1965" (D.E. 3).

On September 1, the Legislative Parties filed a response to Plaintiff's motion for preliminary injunction (D.E. 20), noting that such relief is improper because Plaintiff's claims are not ripe. On September 3, Plaintiff filed a motion to stay this action pending the imposition of a remedial district (D.E. 22).

## ARGUMENT

The Court should dismiss the Complaint without prejudice because it is not ripe for adjudication. Article III of the United States Constitution limits the jurisdiction of this Court to "cases and controversies." U.S. Const. art. III. The ripeness inquiry "resolve[s] whether there is sufficient injury to meet Article III's requirement of a case or controversy and, if so, whether the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking by the court." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (internal quotation marks omitted). The ripeness doctrine "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes" and avoids "entangling courts in the hazards of premature adjudication." *Id*.

Under the ripeness doctrine, a federal court can only hear cases where there is "sufficient injury." *Cheffer v. Reno,* 55 F.3d 1517, 1524 (11th Cir. 1995). That is, the Court will decline to address a claim that is not "sufficiently mature, and [where] the issues [are not] sufficiently defined and concrete, to permit effective decisionmaking by the court." *Id*. A claim that is not ripe for determination is subject to dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *See*

*Brown v. Detzner, et al.*                                                                                                   Case No. 4:15-cv-00398-MW/CAS

*Dermer v. Miami–Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (remanding with instructions to dismiss unripe claims under Rule 12(b)(1)).

Here, until the Legislature or a court approves a redistricting plan alleged to impair Plaintiff's rights, her claims rely on speculation about contingent future events, which is not a proper basis for injunctive relief. *See Digital Props.*, 121 F.3d 586, 589 (affirming dismissal of complaint and noting that the ripeness doctrine "protects federal courts from engaging in speculation or wasting their resources through the review of potential or abstract disputes"); *see also Scott v. Taylor*, 470 F.3d 1014, 1018 (11th Cir. 2006) ("Another redistricting exercise . . . would not necessarily place Scott back in district 3. The specific outcome of redistricting is speculative at best."). At this time, there is no district to challenge and no district for this Court to review and enjoin, and therefore this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims. *See Dermer*, 599 F.3d at 1220.

Defendants do not understand Plaintiff to be seeking relief to prohibit the Legislature from considering and voting on redistricting legislation, nor does the Court have jurisdiction to order such relief. Instead, the role of courts is to intervene only *after* a legislative enactment has passed. *See*, *e.g.*, *New Orleans Water Works Co. v. City of New Orleans*, 164 U.S. 471, 481 (1896) ("[A] court of equity cannot properly interfere with, or in advance restrain, the discretion of a [legislative] body while it is in the exercise of powers that are legislative in their character."); *Associated Gen. Contractors of Am. v. City of Columbus*, 172 F.3d 411, 417-418 (6th Cir. 1999) (vacating an order that "enjoined the City from enacting any new set-aside legislation without first obtaining

district court approval," finding that "[e]ven under the most expansive reading of the limited circumstances in which the federal courts have been held to have jurisdiction to interfere in the legislative process . . . the district court did not have such power here."); *Crafton v. Alexander*, No. 86–5516, 1986 WL 18432, at *1, 810 F.2d 200 (6th Cir. Nov. 7, 1986) (unpublished) ("Federal courts have no jurisdiction to review the constitutionality of proposed state legislation."); *Fisher Scientific Co. v. City of New York*, 812 F. Supp. 22, 25 n.3 (S.D.N.Y. 1993) ("[P]utative suits regarding inchoate legislation are kept at bay by the requirement of ripeness, which also ensures that the court hearing such suits has the benefit of a precise factual framework.  In addition, the courts' foray into ongoing legislative activity should also be restrained by a healthy respect for separation of powers."); *Leech Lake Citizens Comm. v. Leech Lake Band of Chippewa Indians*, 355 F. Supp. 697, 699 (D. Minn. 1973) ("The Court is without authority to enjoin the Legislature from ratifying the agreement.  The doctrine of Separation of Powers forbids it. *Marbury v. Madison* [ ] established the federal courts' power to review the constitutionality of state legislation after its passage, not before.")

In the alternative, the Legislative Parties request that this Court stay these proceedings until either the Legislature or a court approves a remedial plan.  Indeed, Plaintiff has filed a motion to stay this action pending the imposition of a remedial district (D.E. 22).  If the Court grants a stay, the Legislative Parties request that it also require Plaintiff to submit an amended complaint within two weeks of the date that a plan is approved.

## **CONCLUSION**

For the reasons stated above, the Court should dismiss the Complaint without prejudice for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). In the alternative, this Court should stay this action until the Legislature or a court approves a remedial plan, and require Plaintiff to submit an amended complaint within two weeks of the date that a plan is approved.

Respectfully submitted,

*/s/ Raoul G. Cantero*
Raoul G. Cantero
Florida Bar No. 552356
Jason N. Zakia
Florida Bar No. 698121
Jesse L. Green
Florida Bar No. 95591
**White & Case LLP**
Southeast Financial Center
200 S. Biscayne Blvd., Suite 4900
Miami, Florida 33131-2352
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
E-mail: rcantero@whitecase.com
E-mail: jzakia@whitecase.com
E-mail: jgreen@whitecase.com

George T. Levesque
Florida Bar No. 555541
**General Counsel, The Florida Senate**
305 Senate Office Building
404 South Monroe Street
Tallahassee, Florida 32399-1100
Telephone: (850) 487-5237
E-mail: levesque.george@flsenate.gov

*Attorneys for Defendant*, *the Florida Senate*

*/s/ George N. Meros, Jr.*
George N. Meros, Jr.
Florida Bar No. 263321
Andy Bardos
Florida Bar No. 822671
**GrayRobinson, P.A.**
Post Office Box 11189
Tallahassee, Florida 32302
Telephone: (850) 577-9090
E-mail: George.Meros@gray-robinson.com
E-mail: Andy.Bardos@gray-robinson.com

Matthew J. Carson
Florida Bar No. 827711
**General Counsel, The Florida House of Representatives**
422 The Capitol
402 South Monroe Street
Tallahassee, Florida 32399-1300
Telephone: 850-717-5500
E-mail: matthew.carson@myfloridahouse.gov

*Attorneys for Defendant, the Florida House of Representatives*

*Brown v. Detzner, et al.*                                                                                          Case No. 4:15-cv-00398-MW/CAS

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed in the Court's CM/ECF System this 8th day of September, 2015, and thereby served upon all counsel of record.

By: */s/ Raoul G. Cantero*
Raoul G. Cantero