# EXHIBIT C

# Supreme Court of Florida

FRIDAY, SEPTEMBER 4, 2015

**CASE NO.:** SC14-1905
Lower Tribunal No(s).: 1D14-3953;
372012CA000412XXXXXX;
372012CA000490XXXXXX

| THE LEAGUE OF WOMEN VOTERS OF FLORIDA, ETC., ET AL. | vs. | KEN DETZNER, ET AL. |
|---|---|---|
| Appellants/Cross-Appellees | | Appellees/Cross-Appellants |

This case is back before the Court on the Florida House of Representatives' "Motion for Further Relinquishment of Jurisdiction," filed on August 24, 2015, after the Florida Legislature adjourned its special redistricting session sine die on August 21, 2015, without having enacted a remedial congressional redistricting plan as required by the Court's July 9, 2015, opinion in this case. Stating that it "does not anticipate that the Legislature will enact a remedial plan in advance of the 2016 elections," the House specifically requests the Court to "initiate proceedings toward the judicial adoption" of a remedial redistricting plan. For its part, the trial court entered an order on August 26, 2015, stating that "it appears unlikely that a Legislative plan will be provided . . . for review, in a timely fashion" and "request[ing] further direction from the Court."

**CASE NO.:** SC14-1905
Page Two

The Court, having reviewed the House's motion and the responses of the parties, enters the following order on relinquishment. The House's motion is hereby granted in part and denied in part.

The House's motion is granted to the extent it seeks relinquishment proceedings in the trial court as a result of the Legislature's failure to enact a remedial congressional redistricting plan. As part of the relinquishment proceedings, the trial court shall hold a hearing in which it shall consider "proposed remedial plans from the parties"—as requested in the House's motion—especially focusing on the map passed during the special session by the House, and any amendments offered thereto; the map passed during the special session by the Senate, and any amendments offered thereto; and the areas of agreement between the legislative chambers.

The parties may present their arguments and evidence in support of, or in opposition to, the "proposed remedial plans." The Court reemphasizes that the burden remains on the House and Senate to justify their chosen configurations. The trial court shall then make a recommendation to the Court, before the end of the relinquishment period, as to which map proposed by the parties—or which

**CASE NO.:** SC14-1905
Page Three

portions of each map—best fulfills the specific directions in the Court's July 9, 2015, opinion and all constitutional requirements.

The House's motion is denied to the extent it seeks an expansion of the current 100-day relinquishment period, which will terminate no later than October 17, 2015. However, the Legislature is not precluded from enacting a remedial plan prior to the time the trial court sets for the hearing. The Court's July 9, 2015, opinion did not include a directive regarding the specific timing of the special session or provide a certain date by which the Legislature was required to enact a remedial plan, and, in fact, the trial court's initial agreed scheduling order entered on July 30, 2015, contemplated that "unanticipated contingencies may arise in any legislative process." Should the Legislature enact a remedial plan prior to the time the trial court sets for the hearing, the relinquishment proceedings shall proceed as previously set forth in the Court's July 9, 2015, opinion, so long as sufficient time remains for the trial court to hold the hearing and make a recommendation to the Court before the end of the relinquishment period. The relinquishment shall, in any event, terminate immediately upon the trial court's rendition of the order containing its recommendation to the Court.

**CASE NO.:** SC14-1905
Page Four

The House's motion is also denied to the extent the House seeks to characterize any plan recommended by the trial court and ultimately approved by the Court as an "interim" or "provisional" plan. The Court has an "obligation to provide certainty to candidates and voters regarding the legality of the state's congressional districts." League of Women Voters of Fla. v. Detzner, 40 Fla. L. Weekly S432, 2015 WL 4130852, at *3 (Fla. July 9, 2015). The Court notes that the judiciary sometimes must adopt a redistricting plan when the Legislature fails or is unable to do so, as previously occurred in Florida in 1992. See DeGrandy v. Wetherell, 794 F. Supp. 1076, 1083 (N.D. Fla. 1992).

The Court further denies the House's motion to the extent it seeks any discovery. The Court's opinion did not contemplate discovery during the remedial proceedings, as it contemplated instead that the remedial map-drawing would occur transparently and on the record. The Court declines to revisit this issue or to authorize any discovery beyond what is part of the judicial or legislative record.

Finally, the Court at this time denies the Appellants' request to immediately terminate the relinquishment, in light of the Legislature's failure to enact a remedial plan during the August special session, and to "promptly adopt a remedial plan" itself. The Court further denies the Romo Appellants' suggestion that any

**CASE NO.:** SC14-1905
Page Five

remedial maps submitted by the Legislature are entitled to little judicial consideration.

All other aspects of the Court's July 9, 2015, opinion, and corresponding relinquishment order, remain in effect.

LABARGA, C.J., and PARIENTE, QUINCE, and PERRY, JJ., concur.
LABARGA, C.J., concurs with an opinion, in which PERRY, J., concurs.
LEWIS, J., concurs in part and dissents in part with an opinion.
CANADY, J., concurs in part and dissents in part with an opinion, in which POLSTON, J., concurs.

LABARGA, C.J., concurring.

I fully concur with the order entered today. This Court was called upon to carry out its constitutional duty to review the judgment of the circuit court and the congressional redistricting map enacted by the Legislature. That map was found constitutionally defective in several respects, as fully explained in our decision in this litigation. See League of Women Voters of Fla. v. Detzner, 40 Fla. L. Weekly S432, 2015 WL 4130852 (Fla. July 9, 2015). Unfortunately, the Legislature could not agree on a remedial plan during the special session that was called for that purpose. We remain mindful that the task of congressional redistricting under our current constitutional structure falls first and foremost upon the Legislature. That

**CASE NO.:** SC14-1905
Page Six

is precisely why this Court remanded the case to the circuit court for further proceedings in which the Legislature was given the opportunity to correct the map's constitutional deficiencies.

It has been the goal of this Court that the Legislature will complete its task and adopt a remedial map in accordance with the directions in our July 9, 2015, opinion.  Sufficient time exists for the Legislature to accomplish this task before the matter is scheduled for a hearing before the trial court, should the House and Senate agree to convene for another special session.  However, if the two houses of the Legislature cannot join together to pass a plan within this time, the judiciary must take steps to ensure that a constitutionally compliant congressional redistricting plan is in place, as noted in the order and requested in the House's motion, to provide certainty to candidates and voters.

I also agree with the majority that such a plan cannot be an interim or provisional one.  An orderly and foreseeable constitutional end point must be reached in this process.  Anything less makes a mockery of the will of the voters who passed the Fair Districts amendment.  The order issued today accomplishes these goals in a fair manner with full opportunity provided to the Legislature to

**CASE NO.:** SC14-1905
Page Seven

fulfill its duty to jointly adopt a remedial map that complies with this Court's July 9, 2015, opinion.

PERRY, J., concurs.

LEWIS, J., concurring in part and dissenting in part.

I do not agree that this Court should be attempting to micromanage the trial court proceedings by directives that specify any special focus upon any particular item of evidence.  This is an action pending in the court below and that court should consider evidence from the parties, as in any other legal action, and base a decision on that evidence without an improper instruction that directs the focus on only one particular item of evidence.

Additionally, in my view it is also improper for this Court to prejudge that which may or may not occur and rule in advance upon what may or may not be precluded.  Further, this Court should not prejudge or enter an advisory opinion as to what will happen if a party takes a particular action that has not occurred.

I agree with all other provisions of the order that essentially permit the trial court to enter its judgment on the evidence presented as in any other legal action.

CASE NO.: SC14-1905
Page Eight

CANADY, J., concurring in part and dissenting in part.

I concur with the majority's order to the extent that it grants the House's motion and denies the requests of the Appellants. I dissent, however, from the denial of the House's request for an extension of the relinquishment period and for authorization of discovery relative to any proposed remedial plans. I would decline to address the House's suggestion that any redistricting plan adopted by the Court should expressly be an interim or provisional plan that will remain in place only until superseded by subsequent legislation.

POLSTON, J., concurs.

A True Copy
Test:

John A. Tomasino
Clerk, Supreme Court



ks
Served:

DAVID B. KING
JOHN STEWART MILLS
MARK HERRON
ROBERT J. TELFER, III

FREDERICK STANTON WERMUTH
THOMAS ALAN ZEHNDER
COURTNEY REBECCA BREWER
ANDREW DAVID MANKO

**CASE NO.:** SC14-1905
Page Nine

| | |
|---|---|
| VINCENT FALCONE, III | MARTHA ANGELA PARDO |
| GERALD EDWARD GREENBERG | HON. BOB INZER, CLERK |
| ADAM MICHAEL SCHACHTER | RONALD GUSTAV MEYER |
| JOHN M. DEVANEY | ABHA KHANNA |
| MARC ERIK ELIAS | KEVIN J. HAMILTON |
| GEORGE N. MEROS, JR. | RYAN SPEAR |
| BLAINE H. WINSHIP | MICHAEL A. CARVIN |
| RAOUL G. CANTERO, III | VICTOR L. GOODE |
| CHARLES TALLEY WELLS | DORCAS R. GILMORE |
| JASON LAWRENCE UNGER | ANITA S. EARLS |
| J. ANDREW ATKINSON | LOUIS K. FISHER |
| ANDRE VELOSY BARDOS | JERRY WILSON |
| MATTHEW JOSEPH CARSON | HON. TERRY POWELL LEWIS, JUDGE |
| GEORGE T. LEVESQUE | |
| ALLISON J. RIGGS | MICHAEL B. DESANCTIS |
| JASON NELSON ZAKIA | J. GERALD HEBERT |
| JESSE LUKE GREEN | PAUL M. SMITH |
| GEORGE EDWARD EPPSTEINER | JESSICA RING AMUNSON |
| NANCY GBANA ABUDU | |