IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONGRESSWOMAN CORRINE BROWN,

    Plaintiff,

v.                                                                                          Case No. 4:15cv398-MW/CAS

KEN DETZNER, in his official capacity as
Secretary of State of the State of Florida,
THE FLORIDA SENATE, and THE FLORIDA
HOUSE OF REPRESENTATIVES,

    Defendants.
_____/

## ORDER ON MOTIONS FOR JUDICIAL NOTICE

This matter is before the Court upon Plaintiff's Request for Judicial Notice, ECF No. 15, and Plaintiff's Second Unopposed Request for Judicial Notice, ECF No. 31. Plaintiff requests that this court take judicial notice under Rule 201, Fed. R. Evid., of "any and all documents filed" in four separate court cases concerning redistricting in Florida: *Romo v. Detzner*, Case No. 2012-CA-000412 (Fla. Leon County Cir. Ct.); *League of Women Voters v. Detzner*, Case No. SC14-1905 (Fla.); *Warinner v. Detzner*, Case No. 6:13-cv-01860 (M.D. Fla.); *Warinner v. Detzner*, Case No. 4:14-cv-00164 (N.D. Fla.). Plaintiff asks this Court to take notice of the entire records in these cases, "which include[], but [are] not limited to, transcripts, briefs and exhibits." None of the referenced information is provided with the motions. Defendants apparently do not oppose these motions. *See* ECF No. 30 at 3.

1

Rule 201, Fed. R. Evid., permits a court to take notice of adjudicative facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b). A court is required to take notice of qualifying facts "if a party requests [notice] and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Taking judicial notice, though, is a "highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997); *see also United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[T]he effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed . . . ."). To this end, courts generally do not take notice of documents filed in other courts for the evidentiary truth of their contents, but do so for the more limited purpose of establishing the existence or the "fact" of the other documents or recognizing the "judicial act" of another court's orders. *See, e.g.*, *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 & n.10 (11th Cir. 1999); *Jones*, 29 F.3d at 1553.

We therefore grant Plaintiff's motions to the limited extent that we will judicially notice the fact that the documents in the referenced cases were filed. Nevertheless, it is the responsibility of the party relying on any judicially noticed filing to ensure that a copy of that filing is filed on the record in this case. We will not consider the fact that any document was filed if that document is not first filed on the record in this case.

Plaintiff's motions, ECF No. 15 & ECF No. 31, are **GRANTED**.

**DONE and ORDERED** this 23rd day of December 2015.

_____
ROBIN S. ROSENBAUM
UNITED STATES CIRCUIT JUDGE

Copies furnished to:

Counsel of record