IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CONGRESSWOMAN CORRINE BROWN,
*et al.*,

      Plaintiff,

v.

      Case No. 4:15-cv-00398-MW/CAS

KEN DETZNER, in his official capacity as
Secretary of State of the State of Florida, *et al.*,

      Defendants.

_____/

## THE LEGISLATIVE PARTIES' MOTION TO DISMISS

Defendants, the Florida House of Representatives and the Florida Senate (collectively, the "Legislative Parties"), move the Court to dismiss them from this action.[1]

---

[1] On January 13, 2016, this Court granted Plaintiffs leave to amend their initial complaint, but reserved ruling as to Counts III and IV, which presented state law claims. D.E. 47 at 5-6. The Court stated that responses to the amended complaint "shall be filed no later than 14 days after the Court rules on the reserved part of the Motion to Amend." *Id*. at 6.

On January 20, 2016, Plaintiffs dismissed their state law claims by stipulation. A stipulation of dismissal is effective without a court order. Fed. R. Civ. P. 41(a)(1)(A)(ii); *State Treasurer of State of Mich. v. Barry*, 168 F.3d 8, 15 (11th Cir. 1999); *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2015 WL 3486469, at *12 (S.D. Fla. June 2, 2015). Because the stipulation of dismissal obviated the need for a ruling on the reserved part of Plaintiffs' motion for leave to amend, the Legislative Parties proceed to file this motion in response to what remains of Plaintiffs' amended complaint. *See* D.E. 34-1.

## INTRODUCTION

Plaintiffs seek an injunction prohibiting enforcement of Congressional District 5, but the Legislative Parties do not enforce or administer Florida's congressional districts. Because the Legislative Parties cannot grant the relief that Plaintiffs seek, Plaintiffs are without standing to sue the Legislative Parties, and their claims against the Legislative Parties must be dismissed.

## BACKGROUND

On February 9, 2012, the Florida Legislature adopted a congressional redistricting plan for the State of Florida. Ch. 2012-2, Laws of Fla. On July 10, 2014, after a twelve-day trial, a state trial court invalidated two districts, including Congressional District 5. *Romo v. Detzner*, 21 Fla. L. Weekly Supp. 1019a (Fla. Cir. Ct. July 10, 2014). The Legislature promptly convened and redrew Congressional District 5 in accordance with the trial court's judgment. Ch. 2014-255, Laws of Fla. Unsatisfied, the challengers appealed.

On July 7, 2015, the Florida Supreme Court invalidated eight of Florida's congressional districts, including remedial District 5. *League of Women Voters of Fla. v. Detzner*, 172 So. 3d 363, 371-72 (Fla. 2015). The Court construed the Florida Constitution to require a horizontal rather than a vertical configuration of District 5. *Id*. at 406.

The Legislature again convened in special session but was unable to agree upon a second remedial plan. D.E. 34-1 ¶ 90. The Supreme Court then relinquished jurisdiction to the trial court, directing the trial court to consider remedial plans that the parties might submit and to recommend a plan to the Supreme Court for its adoption. *League of Wom-*

*en Voters of Fla. v. Detzner*, --- So. 3d ----, 2015 WL 7753054, at *7 (Fla. Dec. 2, 2015). The trial court recommended a remedial plan, *id*. at *11, and, on December 2, 2015, the Supreme Court approved the remedial plan recommended by the trial court, *id*. at *36.

Plaintiffs here allege that District 5, as adopted by the Supreme Court, violates Section 2 of the federal Voting Rights Act, the Fourteenth and Fifteenth Amendments to the United States Constitution, and the voting-rights provisions of the Florida Constitution. D.E. 34-1 at 21-25. In addition to declaratory relief, Plaintiffs seek an injunction:

> enjoining Defendants from enforcing or giving effect to the East-West configuration of Congressional District 5 including an injunction prohibiting Defendant Secretary Detzner from conducting any elections for the United States House of Representatives based on the East-West configuration of Congressional District 5, and forbidding the use of the East-West version of District 5.

D.E. 34-1 at 22-25.

Though Plaintiffs name the Legislative Parties as defendants, they do not allege that the Legislative Parties have any authority to "enforc[e] or giv[e] effect" to District 5. In fact, Plaintiffs make no allegations with respect to the Legislative Parties except that:

(1) the Florida House of Representatives and the Florida Senate are the two houses of the Florida Legislature, *id*. ¶¶ 12-13;

(2) the Florida House of Representatives and the Florida Senate are responsible for drawing redistricting plans in compliance with the Florida and United States Constitutions, *id*.;

(3) the Legislature convened in special session from August 10 to August 21, 2015, but was unable to agree upon a remedial plan, *id*. ¶ 90; and

(4)     the Florida House of Representatives then moved the Florida Supreme Court to relinquish jurisdiction to the trial court for further proceedings, *id*.

## **A**RGUMENT

In an action for an injunction that prohibits enforcement of a statute—or enforcement of a court-ordered congressional district—the proper defendants are the public entities or officials with authority to enforce the challenged law.  The Legislative Parties have no authority to enforce congressional districts and thus have no authority to afford the requested relief.  The Court should dismiss the Legislative Parties from this action.

Article III of the United States Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies.'" *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992)). Embodied in this limitation is the doctrine of standing.  "In its constitutional dimension, standing imports justiciability:  whether the plaintiff has made out a 'case or controversy' between himself and the defendant within the meaning" of Article III.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To allege standing, a plaintiff must allege an injury in fact, a causal connection between the injury and the challenged action, and a likelihood that a favorable decision will redress the injury.  *Socialist Workers Party*, 145 F.3d at 1244.

In an action for an injunction prohibiting enforcement of a law, a plaintiff lacks standing to sue public entities or public officials who have no enforcement authority and therefore no authority to redress the injury.  In *Socialist Workers Party*, two minor political parties challenged a state statute that required them to file a bond.  The defendants—the Florida Secretary of State and county Supervisors of Elections—moved to dismiss.

The court declined to dismiss the Secretary of State, who had threatened enforcement and presented a credible threat of future enforcement. *Id*. at 1245-48. It did, however, dismiss the Supervisors of Elections: "In a suit such as this one, where the plaintiff seeks a declaration of the unconstitutionality of a state statute and an injunction against its enforcement, a state officer, in order to be an appropriate defendant, must, at a minimum, have some connection with enforcement of the provision at issue." *Id*. at 1248 (citing *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979)). The court reviewed Florida's election laws but found no reason to conclude that the Supervisors of Elections possessed any authority to enforce the challenged law. *Id*. The parties likewise failed to direct the court to any authority that purported to vest the Supervisors with enforcement authority. *Id*. The court therefore held that the Supervisors of Elections were not proper defendants and that, as to the Supervisors, the plaintiffs had failed to allege a case or controversy.

Similarly, in *Scott v. Taylor*, 405 F.3d 1251 (11th Cir. 2005), in a challenge to a redistricting plan, the court instructed the trial court to dismiss individual legislators who had been sued in their official capacities. While it applied the doctrine of legislative immunity and declined to consider standing on an interlocutory appeal, the court found it "extremely doubtful that [plaintiff] could satisfy the third prong of the standing requirements—a substantial likelihood that her injury could be redressed by a favorable decision against these legislator defendants," *id*. at 1256 n.8, explaining that "the legislator defendants have no role in the enforcement or implementation" of the challenged district, *id*. at 1257-58. Judge Jordan, then sitting by designation, explained in a concurring opinion that, "in a suit against state officials for injunctive relief, a plaintiff does not have Ar-

ticle III standing with respect to those officials who are powerless to remedy the alleged injury." *Id*. at 1259 (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 616-18 (1973), and *Okpalobi v. Foster*, 244 F.3d 405, 426-27 (5th Cir. 2001)). "The legislators in this case do not have enforcement authority and are not involved in conducting elections in DeKalb County. Their role is limited to making law." *Id*. Judge Jordan concluded that an "injunction running against them therefore would do nothing" to redress the plaintiffs' injury. *Id*.; *see also Abdullah v. Ala. Sentencing Comm'n*, 386 F. App'x 947, 950 (11th Cir. 2010) (concluding that, where a plaintiff sought abrogation of a sex-offender registry and notification system, together with a purge of records, the Alabama Sentencing Commission was not a proper defendant, as it had no authority to afford the requested relief).

Courts in other jurisdictions agree with *Socialist Workers Party* and *Scott*. For example, in *Okpalobi v. Foster*, 244 F.3d 405 (5th Cir. 2001) (en banc), the Court held that the Governor and Attorney General of Louisiana were not proper defendants in an action to enjoin the "operation and effect" of a state statute that provided a private cause of action against medical doctors who perform abortions. The Governor and Attorney General had no authority either to enforce the challenged law or to prevent a private plaintiff from initiating a civil action under the statute. *Id*. at 427. An injunction directed to the Governor and Attorney General would, therefore, have been "utterly meaningless." *Id*. at 426. Because the Governor and Attorney General had no power to redress the alleged injuries, the plaintiffs failed to establish a case or controversy between themselves and those defendants. *Id*. at 427; *see also Nat'l Parks & Conservation Ass'n v. Bureau of Land Mgmt.*, 606 F.3d 1058, 1074-75 (9th Cir. 2010) (affirming the dismissal of

claims against the National Park Service, which was merely a cooperating agency in an exchange of public and private lands consummated by the federal Bureau of Land Management, and which therefore had no authority to prevent the exchange); *McDaniel v. Bd. of Educ. of City of Chicago*, 956 F. Supp. 2d 887, 893 (N.D. Ill. 2013) (dismissing claims against the City of Chicago because only the Board of Education had authority to effectuate the requested injunction prohibiting closure of certain schools); *Scott v. DiGuglielmo*, 615 F. Supp. 2d 368 (E.D. Pa. 2009) (dismissing three prison officials who, though allegedly the cause of the plaintiff's injuries, were no longer employed at the prison in which the plaintiff was confined, and therefore had no authority to give effect to the requested injunction for prospective relief); *Libertarian Party of Ind. v. Marion Cty. Bd. of Voter Registration*, 778 F. Supp. 1458, 1461 (S.D. Ind. 1991) (dismissing claims against public officials who comprised the Indiana State Election Board, where the plaintiff sought production of voter-registration lists in the possession of a county voter-registration board); *Haridopolos v. Alachua Cty.*, 65 So. 3d 577, 577-78 (Fla. 1st DCA 2011) (holding that the Speaker of the Florida House of Representatives and the President of the Florida Senate are not proper defendants in an action that challenges the constitutionality of a state statute); *Atwater v. City of Weston*, 64 So. 3d 701, 703-04 (Fla. 1st DCA 2011) (same).

The principles articulated in *Socialist Workers Party* and *Scott* require dismissal of the Legislative Parties. Plaintiffs seek an injunction prohibiting enforcement of a congressional district that the Florida Supreme Court established. The Legislative Parties do not enforce congressional districts. The Florida Election Code grants no authority to the Legislative Parties to conduct elections. *See* Chs. 97-106, Fla. Stat. (2015). Nor does the

Florida Constitution. Elections are conducted, election laws are administered, and electoral districts are enforced by the appropriate election officials—not by the Legislature.

The Legislative Parties are not proper defendants merely because the Florida Constitution authorizes them to enact laws. If they were, they would be proper defendants in any challenge to a state statute, and would be embroiled in continual litigation. *Cf. Women's Emergency Network v. Bush*, 323 F.3d 937, 949 (11th Cir. 2003) ("If a governor's general executive power provided a sufficient connection to a state law to permit jurisdiction over him, any state statute could be challenged simply by naming the governor as a defendant.").

Plaintiffs do not ask the Court to order the Legislature to enact new districts. But even if Plaintiffs had made that request, there would be no case or controversy between them and the Legislative Parties, since courts have no authority to order a legislature to enact legislation. An injunction that directs a legislature to enact legislation would violate the separation of powers no less than legislation that directs a court to enter a particular order. Courts have consistently refused to order legislative bodies to enact laws. *See Smith & Lee Assocs.*, *Inc. v. City of Taylor*, *Mich.*, 102 F.3d 781, 796-97 (6th Cir. 1996); *Michigan v. U.S. Army Corps of Eng'rs*, 911 F. Supp. 2d 739, 758 n.16 (N.D. Ill. 2012).

Redistricting cases are no different. In redistricting cases, courts do not order the enactment of redistricting legislation, but afford legislatures time to act before a judicial remedy is imposed. *See Reynolds v. Sims*, 377 U.S. 533, 586 (1964) (explaining that the district court "properly refrained from acting further until the Alabama Legislature had been given an opportunity to remedy the admitted discrepancies in the State's legislative

apportionment scheme" and "correctly recognized . . . that judicial relief becomes appropriate only when a legislature fails to reapportion according to federal constitutional requisites in a timely fashion after having had an adequate opportunity to do so"); *League of Women Voters of Fla. v. Detzner*, --- So. 3d ----, 2015 WL 7753054, at *1 (Fla. Dec. 2, 2015) (explaining that, after invalidating Congressional District 5, the court "provided the Legislature with the opportunity to pass a constitutionally compliant plan").  To allow the Legislature an opportunity to enact redistricting legislation does not require the issuance of an order to the Legislature or otherwise take the form of an enforceable command. While the interest of the Legislature in redistricting is such that its intervention would be appropriate, *Brown v. Butterworth*, 831 So. 2d 683, 689 (Fla. 4th DCA 2002), the Legislature is not a defendant authorized to afford relief that a court is authorized to mandate, *see Beauprez v. Avalos*, 42 P.3d 642, 648 (Colo. 2002) (explaining that a state legislature is not a proper defendant in congressional redistricting litigation because "the judiciary does not have the power to order the general assembly to convene, consider issues, or enact specific legislation" or to "compel the governor to sign legislation").

## CONCLUSION

Because the Legislative Parties do not enforce Florida's election laws and cannot afford the relief that Plaintiffs seek, Plaintiffs have failed to allege their standing to sue the Legislative Parties.  This Court should accordingly dismiss the Legislative Parties.

Respectfully submitted,

/s/ *Raoul G. Cantero*
Raoul G. Cantero (FBN 552356)
Jason N. Zakia (FBN 698121)
Jesse L. Green (FBN 95591)
WHITE & CASE LLP
Southeast Financial Center
200 South Biscayne Boulevard Suite 4900
Miami, Florida 33131-2352
Telephone: 305-371-2700
rcantero@whitecase.com
jzakia@whitecase.com
jgreen@whitecase.com
*Attorneys for Defendant*, *Florida Senate*

George Levesque (FBN 555541)
General Counsel
THE FLORIDA SENATE
305 Senate Office Building
404 South Monroe Street
Tallahassee, Florida 32399-1100
levesque.george@flsenate.gov
*Attorneys for Defendant*, *Florida Senate*

/s/ *George N. Meros, Jr.*
George N. Meros Jr. (FBN 263321)
Andy Bardos (FBN 822671)
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302
Telephone: 850 577-9090
george.meros@gray-robinson.com
andy.bardos@gray-robinson.com
*Attorneys for Defendant*, *Florida House of Representatives*

Matthew J. Carson (FBN 827711)
General Counsel
THE FLORIDA HOUSE OF REPRESENTATIVES
422 The Capitol
Tallahassee, Florida 32399-1300
Telephone:  (850) 717-5500
matthew.carson@myfloridahouse.gov
*Attorneys for Defendant*, *Florida House of Representatives*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served by notice of electronic filing on February 2, 2016, on the following:

William J. Sheppard
Elizabeth L. White
Matthew R. Kachergus
Bryan E. DeMaggio
Sheppard, White, Kachergus &
 DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:  904-356-9661
Facsimile:  904-356-9667
Email:  sheplaw@att.net
*Attorneys for Plaintiffs*

Adam S. Tanenbaum
General Counsel
David A. Fugett
Assistant General Counsel
Florida Department of State
R.A. Gray Building, Suite 100
500 South Bronough Street
Tallahassee, Florida 32399-0250
Email:
 adam.tanenbaum@dos.myflorida.com
 david.fugett@dos.myflorida.com
*Attorneys for Defendant*, *Florida Secretary of State*

David B. King
Thomas A. Zehnder
Frederick S. Wermuth
Vincent Falcone III
King, Blackwell, Zehnder & Wermuth, P.A.
P.O. Box 1631
Orlando, Florida 32802-1631
Email:
 dking@kbzwlaw.com
 tzehnder@kbzwlaw.com
 fwermuth@kbzwlaw.com
 vfalcone@kbzwlaw.com
*Attorneys for Defendants*, *The League of Women Voters of Florida*, *Inc.*, *et al.*

/s/ *Andy Bardos*
Andy Bardos
Florida Bar No. 822671